IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. ) |
| v. | ) **JURY TRIAL DEMANDED** ) ) |
| SACO TECHNOLOGIES INC., | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ultravision Technologies, LLC ("Ultravision" or "Plaintiff"), for its Complaint against Defendant Saco Technologies Inc. ("Saco" or "Defendant") alleges as follows:

**THE PARTIES**

1. Ultravision is a limited liability company organized and existing under the laws of the State of Delaware and is registered to do business in Texas. Ultravision has its principal place of business at 4542 McEwen Road, Dallas, Texas 75244.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of Canada, with a principal place of business located at 6000 Trans Canada Route, Montreal, QC, Canada, H4T 1X9.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant regularly conducts business and has committed acts of patent infringement

and/or has induced acts of patent infringement by others (including, for example, Saco Technologies USA Inc. ("Saco USA"), which is related to Defendant) in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum with respect to both general and specific personal jurisdiction.

5. Upon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District. Upon information and belief, Defendant has committed acts of infringement in the State of Texas, by among other things, offering to sell and selling products that infringe the asserted patents, including the accused devices as alleged herein, as well as providing service and support to their customers. Upon information and belief, Defendant has made, used, offered for sale or sold LED displays to customers in the United States and in Texas, or imported LED display panels into the United States to Texas. Upon information and belief, Defendant, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is a foreign defendant not resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

7. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in the State of Texas and this Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or

soliciting business in the State of Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in the State of Texas.

## PATENTS-IN-SUIT

8. On March 13, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,916,782 (the "'782 Patent") entitled "Modular Display Panel." A true and correct copy of the '782 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=9916782.

9. On June 5, 2018, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,990,869 (the "'869 Patent") entitled "Modular Display Panel." A true and correct copy of the '869 Patent is available at https://pdfpiw.uspto.gov/.piw?docid=9990869.

10. On May 22, 2018, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,978,294 (the "'294 Patent") entitled "Modular Display Panel." A true and correct copy of the '294 Patent is available at https://pdfpiw.uspto.gov/.piw?docid=9978294.

11. On May 29, 2018, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,984,603 (the "'603 Patent") entitled "Modular Display Panel." A true and correct copy of the '603 Patent is available at https://pdfpiw.uspto.gov/.piw?docid=9984603.

12. Ultravision is the sole and exclusive owner of all right, title and interest in and to the '782 Patent, the '869 Patent, the '294 Patent, the '603 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in- Suit, including the filing of this patent infringement action. Ultravision also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

13. Ultravision has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. Ultravision references its patents on its website, http://www.ultravisioninternational.com, and also references its patents and its website in the product packaging for its products.

## DEFENDANT'S PRODUCTS

14. Upon information and belief, Defendant makes, uses, offers to sell, or sells within the United States or import into the United States LED displays, such as Defendant's Smartvision Hybrid products.

15. An image of Defendant's H4 Series product is shown below:



## COUNT I
**(Infringement of the '782 Patent)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '782 Patent.

18. Defendant has directly infringed and continues to directly infringe the '782 Patent, including at least claim 1, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or selling within the United States and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '782 Patent. Such products include LED displays, such as Defendant's H4 products.

19. Upon information and belief, the H4 products are modular display panels comprising a shell comprising a first thermally conductive material, wherein the sidewalls of the shell comprise plastic.

20. Upon information and belief, the H4 products comprise a printed circuit board disposed in the shell, and a plurality of LEDs attached to a first side of the printed circuit board.

21. Upon information and belief, the H4 products comprise a driver circuit disposed in the shell and coupled to the plurality of LEDs from a second side of the printed circuit board.

22. Upon information and belief, the H4 products comprise a power supply unit for powering the LEDs, with the printed circuit board disposed between the power supply unit and the LEDs.

23. Upon information and belief, the H4 products comprise a second thermally conductive material disposed between the power supply unit and an outer back side of the panel.

24. Upon information and belief, the H4 products comprise a protective structure disposed over the first side of the printed circuit board.

25. Upon information and belief, the H4 products are sealed to be waterproof.

26. Upon information and belief, the H4 products infringe at least claim 1 of the '782 Patent.

27.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '782 Patent by knowingly and intentionally inducing others, including Saco USA, customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including the H4 products.

28.     Defendant knowingly and intentionally induces infringement of the '782 Patent in violation of 35 U.S.C. § 271(b) by actively encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including but not limited to the H4 products. Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement by others. For example, upon information and belief, Defendant sells or otherwise provides products, including but not limited to the H4 products, to distributors, to sign installers, or to U.S.-based sales entities, such as Saco USA, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

29.     Defendant's infringement of the '782 Patent has been willful. On information and belief, at least as of the date it hired a former Ultravision executive, Defendant has had knowledge that these products, or the use thereof, directly infringe the '782 Patent. Defendant has intentionally directly infringed the '782 Patent since at least February 25, 2020. Further, Defendant has knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '782 Patent by supplying these products to end-users for use in an infringing manner. Such steps by Defendant include, among other things, advising or directing Saco USA, customers, installers, and end-users to use the accused products

in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or providing manuals, guides, installation instructions and other documentation that guide end-users to use the accused products in an infringing manner. Defendant is performing these steps with knowledge of the '782 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the complaint filed against them in this action. Upon information and belief, Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the '782 Patent. Defendant's inducement is ongoing.

30. Defendant has induced and continues to induce infringement by others, including Saco USA, customers, installers, and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '782 Patent, but while remaining willfully blind to the infringement.

31. Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '782 Patent in an amount to be proved at trial.

32. Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '782 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## COUNT II
**(Infringement of the '869 Patent)**

33. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

34. Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '869 Patent.

35. Defendant has directly infringed and continues to directly infringe the '869 Patent, including at least claim 19, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '869 Patent. Such products include LED displays, such as Defendant's H4 products.

36. Upon information and belief, the H4 products are modular display panels comprising a plastic casing that is part of an outer surface of the modular display panel.

37. Upon information and belief, the H4 products comprise a printed circuit board attached to the casing, with LEDs on the front side of the printed circuit board and a circuit for controlling the plurality of the LEDs on the back side of the printed circuit board.

38. Upon information and belief, the H4 products comprise a power supply unit for powering the LEDs, with the printed circuit board disposed between the power supply unit and the LEDs.

39. Upon information and belief, the H4 products comprise a thermally conductive material to extract heat disposed proximate to the power supply.

40. Upon information and belief, the H4 products comprise a potting compound overlying the printed circuit board.

41. Upon information and belief, the H4 products comprise a power supply mounted outside the plastic casing.

42. Upon information and belief, the H4 products are sealed to be waterproof.

43. Upon information and belief, the H4 products infringe at least claim 19 of the '869 Patent.

44. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '869 Patent by knowingly and intentionally inducing others, including Saco USA, customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including LED displays, including the H4 products, and display boards comprising multiple LED displays.

45. Defendant knowingly and intentionally induces infringement of the '869 Patent in violation of 35 U.S.C. § 271(b) by actively encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including but not limited to the H4 products. Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement by others. For example, upon information and belief, Defendant sells or otherwise provides products, including but not limited to the H4 products, to distributors, to sign installers, or to U.S.-based sales entities, such as Saco USA, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

46. Defendant's infringement of the '869 Patent has been willful. On information and belief, at least as of the date it hired a former Ultravision executive, Defendant has had knowledge that these products, or the use thereof, directly infringe the '869 Patent. Defendant has intentionally directly infringed the '869 Patent since at least February 25, 2020. Further, Defendant has knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '869 Patent by supplying these products to end-users for use in an infringing manner. Such steps by Defendant include, among other things, advising or directing Saco USA, customers, installers, and end-users to use the accused products

in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or providing manuals, guides, installation instructions and other documentation that guide end-users to use the accused products in an infringing manner. Defendant is performing these steps with knowledge of the '869 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the complaint filed against them in this action. Upon information and belief, Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the '869 Patent. Defendant's inducement is ongoing.

47. Defendant has induced and continues to induce infringement by others, including Saco USA, customers, installers, and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '869 Patent, but while remaining willfully blind to the infringement.

48. Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '869 Patent in an amount to be proved at trial.

49. Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '869 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## COUNT III
**(Infringement of the '294 Patent)**

50. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

51. Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '294 Patent.

52. Defendant has directly infringed and continues to directly infringe the '294 Patent, including at least claim 22, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '294 Patent. Such products include LED displays, such as Defendant's H4 products.

53. Upon information and belief, the H4 products area modular display panel comprising a plastic casing comprising the outer surface of the modular display panel, the casing including a recess.

54. Upon information and belief, the H4 products comprise a printed circuit board disposed in the recess of the plastic casing.

55. Upon information and belief, the H4 products comprise a plurality of LEDs arranged as pixels, wherein the pixels are arranged in a rectangular array comprising at least fifty pixels.

56. Upon information and belief, the H4 products comprise a sealing compound disposed over the front side of the printed circuit board.

57. Upon information and belief, the H4 products comprise a framework of louvers disposed over the front side of the printed circuit board.

58. Upon information and belief, the H4 products include a circuit for controlling the plurality of LEDs on the back side of the printed circuit board.

59. Upon information and belief, the H4 products comprise a power supply mounted over the outer surface of the modular display panel which receives AC power and outputs DC power to the plurality of LEDs.

60. Upon information and belief, the H4 products are sealed to be waterproof without the use of a protective waterproof enclosure.

61. Upon information and belief, the H4 products infringe at least claim 22 of the '294 Patent.

62. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '294 Patent by knowingly and intentionally inducing others, including Saco USA, customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including LED displays, including the H4 products, and display boards comprising multiple modular LED displays.

63. Defendant knowingly and intentionally induces infringement of the '294 Patent in violation of 35 U.S.C. § 271(b) by actively encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including but not limited to the H4 products. Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement by others. For example, upon information and belief, Defendant sells or otherwise provides products, including but not limited to the H4 products, to distributors, to sign installers, or to U.S.-based sales entities, such as Saco USA, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

64. Defendant's infringement of the '294 Patent has been willful. On information and belief, at least as of the date it hired a former Ultravision executive, Defendant has had knowledge that these products, or the use thereof, directly infringe the '294 Patent. Defendant

has intentionally directly infringed the '294 Patent since at least February 25, 2020. Further, Defendant has knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '294 Patent by supplying these products to end-users for use in an infringing manner. Such steps by Defendant include, among other things, advising or directing Saco USA, customers, installers, and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or providing manuals, guides, installation instructions and other documentation that guide end-users to use the accused products in an infringing manner. Defendant is performing these steps with knowledge of the '294 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the complaint filed against them in this action. Upon information and belief, Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the '294 Patent. Defendant's inducement is ongoing.

65. Defendant has induced and continues to induce infringement by others, including Saco USA, customers, installers, and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '294 Patent, but while remaining willfully blind to the infringement.

66. Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '294 Patent in an amount to be proved at trial.

67. Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '294 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## COUNT IV
**(Infringement of the '603 Patent)**

68.     Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

69.     Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '603 Patent.

70.     Defendant has directly infringed and continues to directly infringe the '603 Patent, including at least claim 1, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '603 Patent. Such products include LED displays, such as Defendant's H4 products.

71.     Upon information and belief, each of Defendant's H4 products is a modular display panel.

72.     Upon information and belief, each of Defendant's H4 products comprises a printed circuit board having a first side and an opposite second side.

73.     Upon information and belief, each of Defendant's H4 products comprises a casing comprising a thermally conductive material, the casing being disposed at the opposite second side of the printed circuit board.

74.     Upon information and belief, the casing of each of Defendant's H4 products contacts the opposite second side of the printed circuit board.

75.     Upon information and belief, the casing each of Defendant's H4 products comprises sidewalls and a back surface.

76. Upon information and belief, the back surface of the casing of each of Defendant's H4 products comprises an outer back surface of the panel.

77. Upon information and belief, the sidewalls of the casing of each of Defendant's H4 products comprise plastic.

78. Upon information and belief, each of Defendant's H4 products comprises a driver circuit disposed in the casing at the opposite second side of the printed circuit board, the driver circuit electrically coupled to the printed circuit board.

79. Upon information and belief, each of Defendant's H4 products comprises a plurality of LEDs attached to the first side of the printed circuit board.

80. Upon information and belief, each of Defendant's H4 products comprises a power supply for powering the plurality of LEDs, the printed circuit board being disposed between the power supply and the plurality of LEDs, where the power supply comprises a power converter for converting alternating current (AC) power to direct current (DC) power.

81. Upon information and belief, each of Defendant's H4 products comprises a heat conducting structure disposed between the power supply and the back surface of the casing.

82. Upon information and belief, each of Defendant's H4 products comprises a plurality of louvers attached to the first side of the printed circuit board.

83. Upon information and belief, each of Defendant's H4 products comprises a potting material disposed at the first side of the printed circuit board.

84. Upon information and belief, each of Defendant's H4 products is sealed to be waterproof.

85. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '603 Patent, including at least claim 1, by knowingly and intentionally

inducing others, including Saco USA, customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including LED displays and display board comprising multiple LED displays, including Defendant's H4 products.

86. Defendant knowingly and intentionally induces infringement of one or more claims of the '603 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(b), by taking active steps, directly and/or through intermediaries, to encourage others, including Saco USA, customers, installers, and end-users, to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including but not limited to Defendant's H4 products, with the specific intent to cause them to use the accused products in an infringing manner. Such steps by Defendant include, among other things, advising or directing Saco USA, customers, installers, and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or providing manuals, guides, installation instructions and other documentation that guide end-users to use the accused products in an infringing manner. Defendant is performing these steps with knowledge of the '603 Patent and with knowledge that the induced acts constitute infringement, at least as of the date of the complaint filed against them in this action. Upon information and belief, Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the '603 Patent. Defendant's inducement is ongoing.

87. Defendant's infringement of the '603 Patent has been willful. On information and belief, at least as of the date it hired a former Ultravision executive, Defendant has had knowledge that these products, or the use thereof, directly infringe the '603 Patent. Defendant

has intentionally directly infringed the '603 Patent since at least February 25, 2020. Further, Defendant has knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '603 Patent by supplying these products to end-users for use in an infringing manner.

88.     Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement of one or more claims of the '603 Patent, including at least claim 1, by others. For example, upon information and belief, Defendant sells, supplies, or otherwise provides products, including but not limited to Defendant's H4 products, to Saco USA, customers, installers, end-users and U.S.-based sales entities, such as Saco USA, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States in an infringing manner. Defendant took active steps, directly and/or through intermediaries, with the specific intent to cause others to import, sell, or offer to sell the accused products in a manner that infringes one or more of the claims of the '603 Patent, including at least claim 1. Such steps by Defendant include, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf, to import, sell, or offer to sell the accused products in an infringing manner. Defendant performed these steps with knowledge of the '603 Patent, and with knowledge that the induced acts constitute infringement, at least as of the filing date of the complaint. Defendant performed such steps in order to profit from the eventual sale of the accused products in the United States. Defendant's inducement is ongoing.

89. Defendant has induced and continues to induce infringement by others of one or more claims of the '603 Patent, including at least claim 1, including Saco USA, customers, installers, and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including Saco USA, customers, installers, and end-users, infringe the '603 Patent, but while remaining willfully blind to the infringement.

90. Defendant knowingly and intentionally contributes to the direct infringement of others of one or more claims of the '603 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States and/or importing into the United States infringing technology, including LED displays and display boards comprising multiple LED displays, including Defendant's H4 products and/or components thereof. Defendant's LED displays, including Defendant's H4 products, are components of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention. Defendant has knowledge that its LED displays, including Defendant's H4 products, are especially made or especially adapted for use in an infringement of the '603 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

91. On information and belief, Defendant has had knowledge of the '603 Patent at least as of the date it hired a former Ultravision executive.

92. Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '603 Patent in an amount to be proved at trial.

93. Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '603 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Ultravision hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ultravision prays for relief against the Defendant as follows:

a. entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. an order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, instrumentalities and those persons in privity, active concert or participation with it, from further acts of direct and/or indirect infringement of the Patents-in-Suit including the manufacture, sale, offer for sale, importation and use of the infringing products;

c. a full accounting for and an award of damages to Ultravision for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

d. entry of judgment declaring that this case is exceptional and awarding Ultravision its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated:  January 15, 2021                            Respectfully submitted,

                                                    /s/ Alfred R. Fabricant
                                                   Alfred R. Fabricant
                                                   NY Bar No. 2219392
                                                   Email: ffabricant@fabricantllp.com

Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@fabricantllp.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF***
***ULTRAVISION TECHNOLOGIES, LLC***